IN THE
# UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

Civil Action No. 1:13-cv-00756-LY

---

IN RE:
SCC KYLE PARTNERS, LTD.

WHITNEY BANK
          Appellant,

v.

SCC KYLE PARTNERS, LTD.
          Appellee.

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

---

## APPENDIX TO REPLY BRIEF OF APPELLANT

Appendix Tab 5. Proposed form of Order submitted to bankruptcy court by SCC Kyle Partners, Ltd. on November 30, 2012 in connection with Debtor's Motion for Authority to Sell Real Estate Free and Clear of Liens Under 11 U.S.C. § 363(f).

15

## Ruiz, James

| | |
|---|---|
| **From:** | Mark Taylor <MarkT@hts-law.com> |
| **Sent:** | Friday, November 30, 2012 3:59 PM |
| **To:** | lgordon@mvbalaw.com; austin.bankruptcy@publicans.com; Ruiz, James |
| **Cc:** | Shane_Johnson@txwb.uscourts.gov; Sarah_McHaney@txwb.uscourts.gov; Eric Taube |
| **Subject:** | SCC Kyle -- draft sale order |
| **Attachments:** | 00142655.000.DOCX.docx |

Attached is a draft order for review.

Thanks


Mark C. Taylor

HOHMANN, TAUBE & SUMMERS, L.L.P.

100 Congress Avenue | 18th Floor | Austin, TX 78701
P: 512.472.5997 | F: 512.472.5248 | www.hts-law.com

1

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE:                                '
                                      '
SCC KYLE PARTNERS, LTD.               '
                                      '   CASE NO. 12-11978
(Debtor)                              '   (Chapter 11)

### ORDER APPROVING SALE OF REAL ESTATE FREE AND CLEAR OF LIENS UNDER 11 U.S.C. § 363(f)

came on for consideration Debtor's Motion for Authority to Sell Real Estate Free and Clear of Liens Under 11 U.S.C. § 363(f) (the "Motion") filed by SCC Kyle Partners, Ltd.("Debtor"); the Court after reviewing the pleadings and hearing the evidence finds as follows:

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A);

2. The statutory predicates for the relief sought in the Motion have been met pursuant to 11 U.S.C. § 363;

00142655.000.DOCX

3. Notice of the Motion has been given to all parties entitled thereto. Such notice constitutes appropriate and adequate notice to all parties-in-interest under the circumstances and complies with § 102(1) of the Bankruptcy Code and Rules 2002, 6004, and 9014 of the Bankruptcy Rules. No other or further notice of the Motion or the entry of this Order is necessary;

4. Under the circumstances, a reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested parties;

5. Notwithstanding the Motion, for purposes of this Order and the Sale (defined below) the term "Property" means that certain approximately 3.2 acre tract of land owned by the Debtor in Hays County, Texas, as more particularly described in the Motion;

6. Debtor has established sound business justification in support of the proposed Sale of the Property, as described in the Motion, to Avail Healthcare Ventures, LLC ("Buyer") free and clear of liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f);

7. The Contract of Sale of Unimproved Property ("Contract") attached to the Motion was entered into by the parties in good faith, from arms length bargaining positions and without collusion. Neither Debtor nor Buyer engaged in any conduct that would prevent the application of 11 U.S.C. § 363(m). Consequently, Buyer is a good faith purchaser under § 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby. The Property is reasonably equivalent value for the consideration that will be paid by Buyer; and

8. Under the circumstances, it is appropriate for this Court to waive the 14 day effectiveness of this Order under Bankruptcy Rule 6004. Additionally, it is appropriate for

00142655.000.DOCX

the net sale proceeds from the sale of the Property to be paid to taxing authorities and any lienholders, in order of priority.

Based upon the foregoing, it is hereby

ORDERED, ADJUDGED and DECREED that:

9. The Motion shall be, and hereby is, granted as provided herein. All objections to the Motion that were not withdrawn or settled on the record on the date of hearing are hereby overruled in their entirety;

10. The Contract and all of its terms and conditions shall be, and are hereby, approved in their entirety. The sale ("Sale") of the Property to Buyer free and clear of all liens, claims and encumbrances, is hereby authorized under 11 U.S.C. § 363(b) and (f) of the Bankruptcy Code, subject to Buyer's payment of the Purchase Price at the closing ("Closing") of the Sale on the Closing Date. Debtor is hereby authorized to execute, deliver, implement and fully perform the Contract, together with all additional instruments and documents that may be reasonably necessary, convenient or desirable to implement the terms of the Contract, and to take any and all further actions as it may be necessary or appropriate to perform the obligations and effectuate the transaction contemplated by the Contract. In the event that Buyer and Debtor agree in writing after the Closing Date, the parties shall nonetheless be authorized to consummate the Sale without further order of this Court on the express condition that all other terms and conditions of the Contract not be altered in any respect. Subject to the fulfillment of the terms and conditions of the Contract and Buyer=s payment of the purchase price on the Closing Date at the Closing, Debtor will transfer, assign and convey to Buyer all of Debtor's rights, title and interests in the Property pursuant to 11 U.S.C. § 363(f).

00142655.000.DOCX

11. On the Closing Date, subject to Buyer's payment of the purchase price at Closing, the Property and all of Debtor's right, title and interest therein shall be transferred to and vested in Buyer in accordance with the Contract free and clear of all pre- and post-petition "claims", "liens", or "security interests" as those terms are defined in the Bankruptcy Code (collectively, the "Interests"), except as otherwise set forth in this Order or the Contract. All such Interests (except as may otherwise be set forth in the Contract) against the Property shall, in accordance with the terms of this Order, be released, terminated and discharged solely with respect to the Property, and such Interests shall attach to the proceeds of the Sale of the Property, exactly in the order, priority and status that such Interests exist in, on, or upon the Property itself as of the Closing Date.

12. Debtor (and any title company or closing agent or escrow) are authorized and directed to pay the proceeds (net only of allowable closing costs and commissions as set out in the Contract) from the Sale of the Property the sum of $344,361.00 to Debtor for use as a reserve for interest, taxes, insurance, operational expenses and a contingency fund (the "Reserve Fund")1 , then to the Debtor's secured lender(s) in order of priority upon the Closing without further order of this Court and, in light of the release of the Interests against the Property at Closing of the Sale, such payment shall not be subject to avoidance, surcharge, or disgorgement; provided, however, that if the Reserve Fund has been funded through any prior sale of property by the Debtor, the funds shall be remitted to lienholders in order of priority. Debtor shall provide a copy of any closing instructions to any lienholders

---

1 Debtor is directed to hold such Reserve in a segregated Debtor-in-Possession account and may not utilize any funds held in the Reserve without further order of this Court. Such funds shall remain subject to any existing liens pending further order of this Court.

4

00142655.000.DOCX

before the Closing for review and objection and shall provide appropriate closing instructions to the title company.

13.     Upon closing of the Sale and payment of the purchase price by Buyer, all persons and entities, including, but not limited to, all debt security holders, equity security holders, lenders, tort claimants, litigants, trade and other creditors, holding Interests of any kind or nature whatsoever against or in the Debtor or the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), existing prior to the Closing of the Sale and arising under or out of, in connection with, or in any way relating to, the Debtor, the Property, or the Sale, are forever barred, estopped, and permanently enjoined from asserting against Buyer, its successors or assigns, its property, or the Property, such persons' or entities' Interests, except as otherwise set forth in this Order or the Contract.  All persons and entities holding Interests of any kind or nature with respect to the Property (except as may otherwise be set forth in the Contract) are hereby directed to execute and deliver all additional instruments and documents which Buyer may deem reasonably necessary, convenient or desirable to evidence the Sale of the Property free and clear of all Interests, including, without limitation, termination statements and releases of liens.

14.     This Order is and shall be effective as a determination that, as of the Closing Date, except as may otherwise be set forth in the Contract upon closing of the Sale and payment of the purchase price by Buyer, all Interests, without further action by any other person or entity, have been unconditionally, irrevocably released, discharged and terminated solely with respect to the Property (except as provided in the Contract) and that the conveyance of the Property has been effected free and clear of all such Interests.

00142655.000.DOCX

15. This Order is a final and enforceable order immediately upon entry. The 14 day stay under Bankruptcy Rule 6004(g) is hereby waived. To the extent necessary, the Court expressly finds there is no just reason for delay and the implementation of this Order, and expressly directs entry of this Order and authorizes Debtor to consummate the transaction as soon as practicable. Time is of the essence in the closing the transaction contemplated by the Contract, and Debtor and Buyer intend to close the transaction as soon as practicable.

16. Pursuant to § 363(m) of the Bankruptcy Code, the reversal and modification of this Order on appeal will not affect the validity of the transfer of the Property to Buyer, unless the same is stayed pending appeal prior to the Closing Date and the consummation of the transaction authorized by this Order.

###

00142655.000.DOCX